IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD DEWAYNE HUNT,

    Petitioner,                    No. CIV S-05-0126 DFL GGH P

    vs.

CLAUDE E. FINN, et al.,

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus. Petitioner challenges his 1991 conviction for second degree murder. This action is proceeding on the original petition filed January 21, 2005. Petitioner raises the following claims: 1) he was incompetent to stand trial; 2) ineffective assistance of counsel; 3) the California Supreme Court violated his right to due process by finding his state petition time barred.

        Pending before the court is respondent's June 10, 2005, motion to dismiss on grounds that this action is barred by the statute of limitations. On August 18, 2005, a hearing was held regarding this matter. Tami Warwick appeared on behalf of respondent. William Kopeny appeared on behalf of petitioner. After carefully considering the record, the court recommends that respondent's motion be granted.

1

28 U.S.C. § 2244(d)(1) sets forth the statute of limitations for federal habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Because petitioner's conviction became final before the enactment of AEDPA, petitioner had one year from April 24, 1996, i.e. until April 23, 1997, to file a timely federal habeas petition. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999). The instant petition is not timely.

In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), abrogated on other grounds, Woodford v. Garceau, ___ U.S. ___, 123 S. Ct. 1398 (March 25, 2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exception swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 1998).

1       Petitioner contends that he was incompetent at the time of his conviction and
2 remained so until his own expert found him competent in November 2001. In his second
3 petition filed in the California Supreme Court on March 11, 2004, petitioner's counsel discussed
4 petitioner's mental state following his conviction. See Respondent's Lodged Document no. 9,
5 pp. 7-8. Counsel referenced the November 7, 2001, report prepared by Dr. Paul Blair describing
6 his neuropsychiatric evaluation of petitioner on October 18, 2001. Id.; see also Respondent's
7 Lodged document no. 11. In this report, Dr. Blair found that petitioner was now competent,
8 although he had been incompetent during much of his incarceration. Id., no. 11. Petitioner now
9 argues that he is entitled to equitable tolling based on his mental incompetency up until the time
10 Dr. Blair found him competent on November 7, 2001. Laws v. LaMarque, 351 F.3d 919 (9th Cir.
11 2003) (mental incompetency can support claim for equitable tolling).

12       In the motion to dismiss, respondent does not seriously dispute petitioner's claim
13 of mental incompetency. Instead, respondent argues that if petitioner became entitled to statutory
14 tolling pursuant to 28 U.S.C. § 2244(d)(2) following the establishment of his competency, the
15 instant action is still time barred because his petitions filed in the California Supreme Court were
16 not properly filed. To put this argument in context, the following background information is
17 necessary.

18       Section 2244(d)(2) provides that the time during which a properly filed
19 application for State post-conviction or other collateral review with respect to the pertinent
20 judgment or claim is pending shall not be counted toward any period of limitation. The statute of
21 limitations is generally tolled under 28 U.S.C. § 2254(d)(2) from the time the first state petition
22 is filed until the California Supreme Court rejects the petitioner's final collateral challenge. Nino
23 v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

24       On April 30, 2002, petitioner filed a habeas corpus petition in the Trinity County
25 Superior Court. Respondent's Lodged Document no. 3. On June 7, 2002, the Trinity County
26 Superior Court denied the petition on the merits. Id., no. 4. On August 7, 2002, petitioner filed a

1  habeas corpus petition with the California Court of Appeal.  <u>Id.</u>, no. 5.  On September 19, 2002,
2  the California Court of Appeal denied the petition without comment or citation.  <u>Id.</u>, no. 6.

3        On November 25, 2002, petitioner filed a habeas corpus petition with the
4  California Supreme Court.  <u>Id.</u>, no. 7.  On July 30, 2003, the California Supreme Court denied
5  the petition by order citing <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998).  <u>Id.</u>, no. 8.  The citation to
6  <u>Robbins</u> indicates that the California Supreme Court dismissed the petition as untimely because
7  petitioner engaged in substantial delay in asserting his habeas claims.  <u>Nino v. Galaza</u>, 183 F.3d
8  1003, 1007 n. 4 (9th Cir. 1999).  On March 11, 2004, petitioner filed a second petition with the
9  California Supreme Court which argued that the first petition should not have been denied
10 pursuant to <u>Robbins</u>.  <u>Id.</u>, no. 9.  This petition also raised the claims raised in the first petition
11 filed with the California Supreme Court.  <u>Id.</u>  On January 19, 2005, the California Supreme Court
12 denied this petition without comment or citation.  <u>Id.</u>, no. 10.

13       In <u>Pace v. DiGuglilmo</u>, 125 U.S. 1807, 1812 (2005), the Supreme Court held that
14 "when a postconviction petition is untimely under state law, that [is] the end of the matter for
15 purposes of § 2244(d)(2)."  Pursuant to <u>Pace</u>, respondent argues that petitioner is not entitled to
16 tolling for the time during which his first petition was pending in the California Supreme Court
17 because it was denied as untimely.  Respondent argues that petitioner would also not be entitled
18 to tolling for the time during which his second petition was pending because there is a
19 presumption that "[w]here there has been one reasoned state judgment rejecting a federal claim,
20 later unexplained orders upholding that judgment or rejecting the same claim rest upon the same
21 ground."  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803, 111 S. Ct. 2590 (9th Cir,. 1991).  Respondent
22 argues that pursuant to the "look through" doctrine, the California Supreme Court denied
23 petitioner's second petition for the same reason it denied his first, i.e. it was untimely.

24       In his opposition, petitioner argues that there was no last reasoned decision on his
25 due process claim relating to whether or not application of the <u>Robbins</u> rule violated his right to
26 due process.  Therefore, petitioner contends, he is entitled to tolling for the entire time his state

habeas petitions were pending because the silent denial by the California Supreme Court of his second habeas petition was a denial on the merits of this claim.

California has established as a "general rule" that "all known claims" must be presented in a single application to a given court. In re Clark, 5 Cal.4th, 750, 21 Cal. Rptr. 2d 509 (1993). "Before considering the merits of a second or successive petition, a California court will first ask whether the failure to present the claims underlying the new petition in a prior petition [filed in that court] has been adequately explained, and whether that explanation justifies the piecemeal presentation of the petitioner's claims." 5 Cal. 4th at 774, 21 Cal. Rptr. 2d at 525. "[A]bsent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied. The only exception to this rule are petitions which allege facts which, if proven, would establish that a fundamental miscarriage of justice occurred as a result of the proceedings lead to a conviction and/or sentence." 5 Cal.4th at 797, 21 Cal.Rptr.2d at 540.

The court has considered that California's habeas untimeliness rules do double duty in that they can both be asserted as a procedural bar and as a "non-proper filing" when dealing with tolling under the AEDPA statute of limitations. The court has also considered the lack of an express statute of limitations period in California law for state petitions to be considered untimely. Rather, whether a state petition is timely under California's limitations rules is decided on a case by case basis. However, the holding of Pace could not be more clear: "For these reasons, we hold that time limits, *no matter what their form*, are 'filing' conditions." Pace, 125 S. Ct. At 1814 (emphasis added). Under the clear dictate of Pace, petitioner did not properly file his state habeas petitions. See Bonner v. Carey, 425 F.3d 1145 (9th Cir. 2005) (applying Pace to a California case).

By summarily denying petitioner's second petition, the California Supreme Court found that he had failed to adequately explain why his first petition should not have been denied as untimely. In doing so, the California Supreme Court implicitly affirmed its earlier order

denying the first petition as untimely. Petitioner's argument that the order by the California Supreme Court denying his second petition was on "merits" is not well supported by California law.

During oral argument, the court and the parties also addressed the issue of whether a federal court could consider a state petition denied as untimely if petitioner could demonstrate that the state court erroneously applied this exception to its procedural rule. In Pace, the Supreme Court stated that "a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." 125 S. Ct. at 1812.

As stated above, in Pace the Supreme Court stated that "when a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." 124 U.S. at 1812. Based on this statement, this court finds that the Supreme Court did not intend to task lower federal courts with second guessing state court applications of exceptions to timeliness rules. Moreover, in the instant case, petitioner twice argued to the California Supreme Court that his petition fit within an exception to the timeliness rules and the California Supreme Court twice rejected this argument. Under these circumstances, for this court to overrule the California Supreme Court's application of its own rules would be improper.

For the reasons discussed above, this court finds that neither of petitioner's petitions filed in the California Supreme Court were properly filed. Accordingly, petitioner is entitled to tolling only from the time he filed his petition with the Superior Court and when the California Court of Appeal denied his petition, i.e. from April 30, 2002, to September 19, 2002, for a total of 142 days.

As discussed above, petitioner had one year from the date his expert determined him to be competent to file a timely federal petition, i.e. until November 7, 2002. Adding 142 days of statutory tolling to November 7, 2002, would make petitioner's federal petition due

\\\\\

March 29, 2003. The instant action filed January 21, 2005, is not timely. For these reasons, the court recommends that respondent's motion to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's June 10, 2005, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 1/6/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
hunt126.157